UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

MICHAEL JAMES MOORE
and RHONDA JEAN MOORE,

Debtors.
_____/

Case No. 08-33980
Chapter 13 Proceeding
Hon. Daniel S. Opperman

OPINION REGARDING UNITED STATES TRUSTEE'S MOTION FOR ORDER
AUTHORIZING EXAMINATION OF GREEN TREE SERVICING, LLC AND REQUIRING
PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. BANKR. 2004

Facts

The Debtors filed their petition seeking Chapter 13 relief with this Court on September 30, 2008. In their Chapter 13 Plan, Debtors treated Countrywide Mortgage as a secured creditor regarding their residence located at 6311 Lady Jeanette, Swartz Creek, Michigan, and Countrywide Mortgage filed a Proof of Claim on October 23, 2008, which was later amended by BAC Home Loans Servicing LP on April 30, 2009. Notices of Mortgage Increase Payment Change were filed on March 5, 2012, and May 20, 2013. On May 20, 2013, this claim was transferred to Green Tree Servicing, LLC ("Green Tree"). Debtors' Chapter 13 Plan was confirmed on December 3, 2008.

Green Tree and its predecessors were paid according to confirmed Plan and subsequent increases, and Green Tree did not object to the Chapter 13 Trustee's Notice of Final Cure filed on March 4, 2014. Accordingly, an Order Discharging Debtors after Completion of Chapter 13 Plan was entered by the Court on March 31, 2014, which Order stated, in part:

> The court finds that the debtor filed a petition under title 11, United States Code, on 9/30/08, that the debtor's plan has been confirmed, that all allowed claims have been paid substantially in accordance with the plan, that with respect to secured claims which continue beyond the term of the plan, any pre-petition or post-petition defaults have been cured and such claims are in all respects current, with no escrow balance, late charges, costs or attorney fees owing, and that the debtor has fulfilled all

1

requirements under the plan.

Debtors made regular and timely payments of $1,244.46 to Green Tree after the Discharge Order for the months of April 2014, through June 2014. However, Green Tree returned the July 2014, payment with a letter to Debtors stating that payments would no longer be accepted due to Debtors' past due balance in an amount in excess of $10,000.00. Debtors disputed this, as their Chapter 13 discharge and post-petition and post-discharge payments should have made their loan current. Thereafter, Green Tree continued to contact Debtors for pre-discharge arrears. Ultimately, Green Tree commenced foreclosure proceedings, and a September 17, 2014, foreclosure sale was scheduled.

Debtors commenced an adversary proceeding, A.P. No. 14-3152, on September 10, 2014, requesting injunctive relief to stop the September 17, 2014, foreclosure sale. This Court entered a Temporary Restraining Order on September 11, 2014, and a Preliminary Injunction on September 23, 2014. Debtors and Green Tree ultimately settled that case, as evidenced by a Stipulation filed on November 14, 2014, and an Order To Dismiss Complaint for Injunctive Relief was entered on November 17, 2014.

Just prior to dismissal of the injunctive relief complaint, the United States Trustee filed a Motion for 2004 Examination of Green Tree on November 13, 2014. In the Motion, the United States Trustee seeks the appearance of a representative of Green Tree at a deposition to be examined under oath, and further requesting the production of certain listed documents. The requests in this Motion are related to what the United States Trustee characterizes as an investigation into the actions of Green Tree in not properly responding to Debtors and as to Green Tree's accounting and collection practices. Green Tree responded to the instant Motion, asserting that this exam will have

no effect on the Debtor's bankruptcy estate, the documents requested are excessive, and if compelled to appear, all materials must be ordered to remain confidential. Finally, Green Tree asserts that if should not be required to be examined outside of its principal place of business located in Minneapolis, Minnesota.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (B) (allowance or disallowance of claims against the estate).

The issues in this matter arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, ---- U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the United States Supreme Court in *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014). *See also Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

## 2004 Examinations

Federal Rule of Bankruptcy Procedure 2004 provides generally for discovery. Rule 2004(a) states:

(a) Examination on motion

> On motion of any party in interest, the court may order the examination of any entity.

The examination of the debtor, and of third parties, is limited by Rule 2004(b) to:

3

> the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. . .

The scope of Rule 2004(b) is very broad:

> The scope of a Rule 2004 examination is "unfettered and broad" and the rule itself is "peculiar to bankruptcy law and procedure because it affords few of the procedural safeguards that an examination under Rule 26 of the Federal Rules of Civil Procedure does." *In re GHR Energy Corp.,* 33 B.R. 451, 453-54 (Bankr. D. Mass. 1983); *In re GHR Companies, Inc.,* 41 B.R. 655, 660 (Bankr. D. Mass. 1984). Examinations under Rule 2004 are allowed for the "purpose of discovering assets and unearthing frauds" and have been compared to "a fishing expedition." *In re GHR Energy Corp.,* 33 B.R. 451, 453 (Bankr. D. Mass. 1983)(citing *In re Forest*, 93 F. 190, 191 (S.D.N.Y. 1899)). There are limits to the scope of a 2004 examination. It may not be used for "purposes of abuse or harassment" and it "cannot stray into matters which are not relevant to the basic inquiry." *In re Mittco, Inc.,* 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984).

*In re Table Talk*, 51 B.R. 143, 145 (Bankr. D. Mass. 1985); *In re Duratech Indus., Inc.,* 241 B.R. 283, 289 (E.D.N.Y. 1999).

As to a request for a 2004 examination and the accompanying request for documents, the requesting party must show "good cause". As explained by Chief Judge Shefferly in his well-reasoned Opinion in the case of *In re Davis*, the case law provides the applicable standard for "good cause":

> If the [subject] challenges the right of the examiner to conduct a Rule 2004 examination, then the examiner has the burden of establishing that "good cause" exists for taking the examination. Good cause is established if the one seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of its legitimate interests.
> . . .
>
> [A court must also] balance the examiner's interest against the [subject]'s interest in avoiding the cost and burden of disclosure.
> The courts have articulated the applicable standard in: *Bank One, Columbus, N.A. v.*

4

*Hammond (In re Hammond)*, 140 B.R. 197, 201 (S.D. Ohio 1992); and *Davis*, 452 B.R. at 617 (quoting *Hammond*, 140 B.R. at 201). In certain situations, the Court may consider the totality of the circumstances. *Hammond*, 140 B.R. at 201.

Mootness

The issue of mootness is a threshold issue that is jurisdictional. *United States v. Alaska S. S. Co.*, 253 U.S. 113, 116 (1920). To decide a matter that is moot would be to issue an advisory opinion. *North Carolina v. Rice*, 404 U.S. 244, 245-46 (1971). The United States Supreme Court in *Rice* stated the following with regard to mootness:

> [This Court] has frequently repeated that federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them. To be cognizable in a federal court, a suit "must be definite and concrete, touching the legal relations of parties having adverse legal interests. . . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."

*Id.* at 246 (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)).

However, the United States Supreme Court has recognized that a matter preliminarily determined moot may nevertheless "remain to be settled under the circumstances . . . [if] a dispute over the legality of the challenged practices" remains. *United States v. W.T. Grant Co., et al.*, 345 U.S. 629, 632 (1953). The Sixth Circuit Court of Appeals has described this exception to the mootness doctrine as follows: "[The mootness] doctrine, however, is not without its exceptions. '[A] case will not be considered moot if the challenged activity is capable of repetition, yet evading review.'" *Kentucky v. Hagel*, 759 F.3d 588, 595 (6th Cir. 2014) (quoting *Lawrence v. Blackwell*, 430 F.3d 368, 370-71 (6th Cir. 2005)). The *Hagel* Court further described the exception as follows:

> "The exception applies where '(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.'"

*Id.* at 595-96.

### Broad Authority of United States Trustee

The Bankruptcy Code, 11 U.S.C. § 307 provides that "[t]he United States trustee may raise and may appear and be heard on any issue in any case or proceeding under this title but may not file a plan pursuant to § 1121(c) of this title." The United States Trustee's authority under this section is broad. "A lack of pecuniary interest in the outcome of a bankruptcy proceeding does not deny the U.S. Trustee standing." *See, e.g., U.S. Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994). "U.S. Trustees are officers of the Department of Justice who protect the public interest by aiding bankruptcy judges in monitoring certain aspects of bankruptcy proceedings." *United Artists Theater Co. v. Walton (In re United Artists Theater Co.)*, 315 F.3d 217, 225 (3d Cir. 2003) (citing *Columbia Gas*, 33 F.3d at 195-96; *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 499-500 (6th Cir. 1990)).

In addition to the authority granted the United States Trustee by Section 307 of the Bankruptcy code, 28 U.S.C. § 586(a)(3)(F) directs the United States Trustee to notify

> – – the United States attorney of matters or actions which may constitute a crime under the laws of the United States and, if asked, assist the United States attorney in carrying out prosecutions based on such action.

The broad authority granted to the United States Trustee under Section 307 of the Bankruptcy Code is circumscribed by the specific duties set out in Title 28. Section 586 is a non-exclusive list of the United States Trustee's duties. *Walton v. Countrywide Home Loans, Inc.,* 2009 WL 1905035 (S.D. Fl. 2009) and cases cited therein. While the authority of the United States Trustee to request and conduct examinations under Rule 2004 is not expressly granted, this Court has held that there is no doubt that such authority exists. This Court, as well as other bankruptcy

judges in this District, have concluded that this United States Trustee has standing to pursue this type of motion, and the Court concludes that this is the majority view. *See, e.g., In re Countrywide Home Loans, Inc.,* 384 B.R. 373 (Bankr. W.D. Pa. 2008); *see also In re Davis*, 452 B.R. 610 (Bankr. E.D. Mich. 2011) (Shefferly, C.J.); *In re Daw*, No. 08-30982 (Bankr. E.D. Mich. Apr. 2, 2015), as well as bench opinions issued by other bankruptcy judges in this District holding the same.

Analysis

Before the Court is whether "good cause" exists to grant the United States Trustee's Motion. However, the Court cannot bypass the issue of jurisdictional mootness. The underlying dispute between Debtors and Green Tree has been settled. At the outset, it appears this Court is without jurisdiction to decide a motion concerning issues that will no longer affect the rights of the litigants involved–here, the Debtors and Green Tree. This must be weighed against the broad authority of the United States Trustee to investigate certain matters under the Section 307 as an "impartial administrator." The clear direction of the United States Supreme Court is for this Court to first consider whether a public interest exception to mootness exists in this case.

Thus, the Court will enter an scheduling order requiring briefs from the United States Trustee and Green Tree on the mootness issue.

**Not for Publication**

```
Signed on September 18, 2015
                                          /s/ Daniel S. Opperman
                                     Daniel S. Opperman
                                     United States Bankruptcy Judge
```